## PÉREZ v. THE EXECUTIVE COUNCIL.

### APPLICATION for the writ of *mandamus*.

No. 136.—Decided October 28, 1910.

MANDAMUS—SWORN PETITION.—Petitions for the writ of *mandamus* must be sworn to by the petitioner, but an affidavit of the party to the effect that the facts are known to him· to be true of his own knowledge and by information and belief, without specifying which facts the petitioner knows of his own knowledge to be true and which from information and belief, is defective, and for this reason alone the application may be denied.

ID.—The writ of *mandamus* confers no new authority, and the party to be coerced must have the power to perform the act.

ID.—ELECTIONS—CHANGES IN THE LISTS OF CANDIDATES.—The writ of *mandamus* will not issue to compel the Executive Council to make changes in the lists of candidates after October 11, since the law provides that no changes shall be made therein for any purpose whatsoever after that date.

ID.—After October 11 the elimination of a candidate from the ballots cannot be obtained, but if in connection with the election of a candidate any fraud has been committed, or any other illegal act has been performed which might render the election null and void, it must be contested under the procedure prescribed by the law.

ID.—RIGHTS ACQUIRED BY OTHER PERSONS.—The writ of *mandamus* will not issue when the right of the petitioner, not being as clear as the law and the jurisprudence demand, the decision of the court might affect rights acquired by other persons who have not been afforded an opportunity to defend themselves.

The facts are stated in the opinion.

*Mr. Antonio Sulliveres* for appellant.

*Mr. Foster V. Brown, Attorney General,* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Manuel Pérez Avilés, the candidate for the office of *alcalde* of the city of Arecibo on the ticket of the Unionist Party of Porto Rico in the coming general elections, to be held in this Island on November 8 next, made an application on October 25 to one of the justices of this Supreme Court asking that the writ of *mandamus* be issued to the Executive Council requiring it to order the elimination of the names of the candidates proposed by the Democratic Party from the official election ballots for Arecibo.

The application was thereupon referred to this court and a hearing was had before it, where counsel for the petitioner and the defendant appeared and made such allegations as they deemed proper. Neither the Democratic Party of Arecibo nor any of its candidates were made defendants, nor were they present at the hearing.

The ground on which the application is based is that the petition for candidacy of the Democratic Party in Arecibo, although it appears to be signed by 122 persons, since, for various reasons stated, 26 should be eliminated, only 96 signatures remain, and this number is insufficient for the nomination of candidates by petition.

By the express mandate of the law the petition for the writ of *mandamus* must be sworn to, and one of the questions raised by counsel for the defendant in this case is that the affidavit attached to the application is not in legal form. The affidavit reads as follows:

#### AFFIDAVIT.

"I, Manuel Pérez Avilés, of legal age, mayor of the city of Arecibo, state under oath: That I have been nominated as the candidate for the office of *alcalde* of said city by the Unionist Party of Porto Rico, and that the facts set forth in the foregoing application for the writ of *mandamus* are true, and I know said matters to be true of my own knowledge and by information and belief. Arecibo, October 20, 1910. (Signed) Manuel Pérez Avilés.

"Number 99.—Sworn to and signed before me this 20th day of October, 1910, by Manuel Pérez Avilés, *alcalde* of Arecibo, of legal age and a resident of this city, with whom I am personally acquainted. (Signed)   S. B. Palmer, Notary Public."

From an examination of the application together with the affidavit above-transcribed and in consideration of the provisions of section 118 of the Code of Civil Procedure, we are forced to the conclusion that the affidavit is defective, because it is not stated, either in the application or in the affidavit, which facts the petitioner knows of his own knowl-

edge to be true and which from information and belief. Affidavits are solemn acts which should be conscientiously performed, and the affiant should understand and realize the liability incurred, and they should be drawn in clear and definite terms and should not be vague and indefinite.

For this reason alone the requirement of the law, with respect to affidavits to be made in applications of this kind, being absent, the application might be denied; but we think that the ends of justice would be better served by a statement of some of the other reasons for so deciding.

It is now too late for this court to issue the writ of *mandamus* as prayed for by the petitioner. Changes in the lists of candidates can only be made up to October 11 according to the law. After that date the law provides that no changes shall be made for any purpose whatsoever, and the application in this case having been presented on October 24, it asks that action be taken, which not only is no longer authorized by law, but expressly prohibited thereby. "The writ," says section one of the act to establish the writ of *mandamus,* approved March 12, 1903, "confers no new authority, and the party to be coerced must have the power to perform the act." (See the decision of this court in the case of *Solá* v. *Carrel,* decided Oct. 27, 1910 [16 P. R. Rep., 671].)

The progress of the elections should not be interrupted at this time, but the straight road marked out by the Legislature should be followed, free from obstacles, to the end. And after the elections have been held, if any candidate has been elected by fraud, or any other illegal act has been performed which might render the election null and void, the law will provide ample means for the annulment thereof.

Furthermore, even were it possible to issue and compel compliance with the writ sought herein, it should not be granted, because the right which the petitioner claims is not as clear as the law and the jurisprudence demand. In order to reach the conclusion of the petitioner, that 26 of the 122 signatures to the petition of the Democratic Party in Are-

cibo are without any value whatsoever, it would be necessary to examine the evidence attached to the application and determine the rights acquired by other persons who have not been afforded an opportunity to defend themselves, and such a procedure would be contrary to the principle *audi alteram partem* and the provisions of rule 69 of our Regulations which went into effect March 1, 1909.

The application must be denied.

*Application denied.*

Justices MacLeary and Wolf concurred.

Chief Justice Hernández and Justice Figueras did not sit at the hearing of this case.